McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a justice, to recover the sum of $40.00, the forfeiture imposed by the corporation, for a breach of one of its ordinances by the plaintiff in error. The case was removed, by appeal, to the Circuit Court, where, on an agreed case, judgment was rendered for the corporation. The case is this:
By the act incorporating the town of Somerville, (see act 'of 1854, cb. 17, sec. 6,) express power is conferred on the Mayor and Aldermen, by ordinance, “to license, tax, and regulate auctioneers, grocers, merchants, retailers, brokers, coffee-houses, confectioneries, retailers of liquors, hawkers, pedlers, livery stable keepers, negro traders, and tavern keepers.”
In pursuance of this power, an ordinance was passed, which provides, among other things, “ That all negro traders who shall expose negroes for sale within the corporate limits of the town of Somerville, he or they shall pay a yearly license tax of twenty dollars.”
The ordinance requires, that a license shall be procured from the Recorder, “by paying the tax thereon, and his fee of one dollar and a half for issuing the same.” And it is further provided, that if any person shall exercise the privilege, without first obtaining a license, “he shall forfeit and pay double the amount of the license, and all costs incident to the collection of the same.
*365 It is admitted in the agreed case, that Adams, the defendant, was a “ negro trader,” and that he exposed negroes for sale, and sold one within the corporate limits of the town of Somerville, in October, 1856, without obtaining a license, as required by the ordinance.
The argument for the plaintiff in error assumes, that, if it were competent to the Legislature, to confer such a power upon a municipal corporation, still, the ordinance is invalid, because the mode of exercising the power provided therein, is different from, and incompatible with, the principle and. mode 'prescribed by the general law of the State, in regard to this particular “ privilege.” In other words, the argument is, that the corporation cannot adopt a different principle, or mode, of taxing “ privileges ” from that adopted in regard to State taxation.
We think this argument is unsound. By the second article of the Constitution, sec. 28, the power is given to the Legislature to tax “ privileges, in such manner as they may, from time to time, direct.” And by the 29th section, the power is given to authorize counties and incorporated towns, “to impose taxes for county and corporation purposes, respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation.”
It must be borne in mind, that, in regard to the power of taxation delegated to the Legislature, an important and fundamental discrimination is made between property and privileges, by the Constitution. The rule laid down as to the former, is, that “ all property shall be taxed according to its value,” and, “no one species *366 of property from which a tax may be collected, shall be taxed higher than any other species of property of equal value.” But the rule, as to privileges, is the discretion of the Legislature; the latter are to be taxed in such manner as may, from time to time, be directed by the Legislature.
It will be observed, too, that the 29th section, • which authorizes a delegation of the power of taxation to incorporated towns, for corporation purposes, is very broad in its terms; it does not mention “privileges” at all; •property alone is embraced; and in reference to that, the only restriction is, that the principle established in regard to State taxation, shall be observed by corporations.
But, in respect to privileges, the corporation is left to the 'exercise of a sound discretion in imposing a tax thereon, unless restricted by the Legislature, in the charter of incorporation, or by some general law of the State.
In the charter before us, the power of the Mayor and Aldermen “to license, tax, and regulate” negro traders, is general and unrestricted. It is no valid objection, therefore, that the Board, in the exercise of this discretionary power, has proceeded upon a different principle, or in a different mode, from that adopted by the Legislature in respect to State taxation. Mayor and Aldermen of Columbia v. Beasly, 1 Hum., 232, 240.
The principle of taxation applicable to property, is altogether impracticable in regard to privileges. It is obviously necessary and proper, that the .exercise of the power to impose a tax on privileges, should be left to a sound discretion; because no definite rule, based upon *367 a supposed equality in value, can be prescribed, as respects what are denominated privileges; and if such, a rule were practicable, reasons founded in public policy might demand, that privileges of certain kinds should be taxed upon a very different principle from others. This is peculiarly proper in regard to town corporations. The power to the latter, to tax privileges, was not intended as a source of revenue merely. It was likewise designed as a means for imposing restraints upon the exercise of certain privileges, whose tendencies were of a nature to encourage vice or disorder, or were contrary to public policy.
It follows, then, that the validity of the ordinance (not being in itself oppressive) must depend upon the grant of power in the particular charter of incorporation. In the present instance, the express grant of power is ample; and the ordinance is consequently valid.
The judgment will, therefore, be affirmed.